IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-80,776-01






EX PARTE WESLEY DALE DAVIS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR2009-403-1 IN THE 207TH DISTRICT COURT


FROM COMAL COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of three counts of
aggravated robbery and one count of unlawful possession of a firearm by a felon. He was sentenced
to seventy years' imprisonment for each of the aggravated robbery counts, and ten years'
imprisonment for the unlawful possession of a firearm count, all running concurrently. The Third
Court of Appeals affirmed his conviction. Davis v. State, No. 03-10-00412-CR (Tex. App. - Austin,
July 25, 2012, pet. ref'd.).

 Applicant contends that his trial counsel rendered ineffective assistance because counsel
failed to challenge a biased juror. Applicant also alleges that he was denied due process when the
biased juror served on the jury that convicted him. Applicant alleges that he was not aware that trial
counsel was waiving his right to challenge the biased juror.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. 
Specifically, counsel shall state why he did not challenge venire member Yvonne Bays for cause
after she stated that she could not afford the presumption of innocence to a defendant who had been
previously convicted of an offense. Trial counsel shall state whether he advised Applicant that
Applicant's prior conviction would be admitted during the guilt/ innocence phase of trial, and
whether he advised Applicant that he was waiving a challenge to venire member Yvonne Bays. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the
appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first supplement the habeas record with a complete transcript of the voir
dire proceedings in this case. The trial court shall then make findings of fact and conclusions of law
as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's
deficient performance prejudiced Applicant. The trial court shall also make any other findings of
fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's
claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: March 12, 2014

Do not publish